**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LINDA K. TALLMAN, INDIVIDUALLY AND AS THE GUARDIAN AND ADMINISTRATOR OF THE ESTATE OF JOHN ADAM TALLMAN, ON BEHALF OF ONTEL PRODUCTS CORPORATION, HARTFORD CASUALTY INSURANCE CO., AND HARTFORD FIRE INSURANCE CO., <br><br>  Plaintiffs, <br><br> v. <br><br> HL CORP (SHENZHEN); HL CORP USA; SOUTH CHINA INSURANCE COMPANY; TAIWAN FIRE & MARINE INSURANCE CO., LTD.; THE FIRST INSURANCE CO., LTD.; SHINKONG INSURANCE CO. LTD.; CATHAY CENTURY INSURANCE CO., LTD.; AZAD INTERNATIONAL (H.K.) LTD.; AZAD INTERNATIONAL CO.; JOHN DOES 1-20 (FICTITIOUS NAMES), AND ABC CORPORATIONS 1-10 (FICTITIOUS ENTITIES), <br><br> Defendants. | **OPINION** <br><br> Civ. No. 14-5550 (WHW)(CLW) |

**<u>Walls, Senior District Judge</u>**

This is an indemnification dispute, stemming from a products liability case. The central question in the litigation is whether a distributor of an allegedly defective product, having made a settlement payment to a plaintiff, is entitled to indemnity from various insurers and upstream manufacturers/distributors of the product. The only issue currently before the Court is whether the case was properly removed from New Jersey Superior Court.

1

NOT FOR PUBLICATION

The matter arose when John Adam Tallman ("John Tallman") allegedly suffered a catastrophic injury after using exercise equipment designed and manufactured by Defendant HL Corp. (Shenzhen) ("HL Shenzhen"), and sold or marketed by Defendants HL Corp. USA ("HL"), Azad International ("Azad"), and Azad International (Hong Kong) ("Azad (Hong Kong)"), as well as Ontel Products Corporation ("Ontel"). Before commencing the above-captioned litigation, John Tallman's guardian Linda K. Tallman ("Tallman") filed an action in Ohio state court against Ontel. As part of the settlement of that claim, Ontel assigned Tallman its rights to sue for indemnification under insurance policies allegedly issued or co-insured by South China Insurance Co., Taiwan Fire & Marine Insurance Co., The First Insurance Co., Shinkong Insurance Co., and Cathay Century Insurance Co. (collectively, "the insurer defendants"). Hartford Casualty Insurance Co., Hartford Fire Insurance Co. (together, "Hartford"), as Ontel's insurers, also assigned rights to Tallman as part of the settlement. Tallman, as an individual, as John Tallman's guardian and allegedly "on behalf of" Hartford and Ontel, now brings this action against the insurer defendants and the upstream manufacturers/distributors, demanding indemnification and alleging other common law causes of action. ECF No. 1-2.

Defendant HL removed to federal court based on the diversity of the parties. ECF No. 1. Yet Ontel and Azad are both New Jersey corporations. Compl. ¶¶ 5, 34. Tallman now moves to remand this case to New Jersey Superior Court, stressing that Defendant Azad's forum state citizenship prevents removal under 28 U.S.C. § 1441(b). HL acknowledges that Azad is a New Jersey corporation, but maintains that this Court has jurisdiction because Tallman improperly joined Azad solely to defeat federal jurisdiction.

Whether joinder was improper here turns on two issues: (1) does the complaint contain any colorable claim against Azad (the forum state defendant) by any of the named parties, and

**NOT FOR PUBLICATION**

(2) if so, does the party who brings the claim have standing to do so? Because the complaint states a colorable cause of action for indemnification against Azad, and because doubts as to the identity of the real parties in interest must be resolved in favor of remand, HL has not made a sufficient showing that Azad was improperly joined. Tallman's motion to remand, decided without oral argument under Fed. R. Civ. P. 78, is granted.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On January 14, 2010, John Tallman allegedly injured himself using a workout bar distributed by Ontel. Compl. ¶¶ 68, 72. His guardian Linda Tallman sued Ontel in Ohio in 2011, and settled the case with Ontel and its insurer Hartford on December 26, 2012. *Id.* ¶¶ 77, 81. Hartford paid an unspecified amount on Ontel's behalf. *Id.* ¶ 119. As part of the settlement, both Ontel and Hartford assigned Tallman their rights to seek indemnification under insurance policies written by the five insurer defendants, "among other things." *Id.* ¶ 81-82. The policies indemnified Ontel for product liability claims arising from HL's products. *Id.* ¶ 85. The full terms of the settlement agreement, and the extent of Hartford's subrogation of Ontel, remain confidential and undisclosed. *Id.* ¶¶ 81-82, Pl.'s Reply 5-6.

Plaintiff filed the instant complaint in New Jersey Superior Court on June 27, 2014, sounding in contractual and common law indemnification, bad faith, declaratory judgment, breach of contract, subrogation, and consumer fraud. ECF No. 1-2. Of specific relevance here, the complaint alleges that Azad owes Ontel both common law and contractual indemnification for Azad's role in allegedly designing and manufacturing the defective product. Compl. ¶¶ 66-67, 93. HL removed on September 4, 2014. ECF No. 1-5 on the basis of complete diversity of

parties. HL did not receive permission to remove from its co-defendant Azad. Def. HL's Br. 5, ECF No. 11. The citizenship of the parties named in the caption is:

Linda K. Tallman, Individually and as the Guardian and Administrator of the Estate of John Adam Tallman: Ohio (Compl. ¶ 3).

Ontel Products Corp.: New Jersey (*id.* ¶ 5)

Hartford Casualty Insurance Co.: Connecticut (*id.* ¶ 8)

Hartford Fire Insurance Co.: Connecticut (*id.* ¶ 9)

HL Corp. (Shenzhen): China (*id.* ¶ 10)

HL Corp. USA: California (*id.* ¶ 13)

South China Insurance Co.: Taiwan (*id.* ¶ 16)

Taiwan Fire & Marine Insurance Co. Ltd.: Taiwan (*id.* ¶ 19)

The First Insurance Co. Ltd.: Taiwan (*id.* ¶ 22)

Shinkong Insurance Co. Ltd.: Taiwan (*id.* ¶ 25)

Cathay Century Ins. Co.: Taiwan (*id.* ¶ 28)

Azad International (H.K.) Ltd.: China (*id.* ¶ 31)

Azad International Co.: New Jersey (*id.* ¶ 34)

## II.   STANDARDS FOR REMOVAL AND REMAND

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . . ." 28 U.S.C. § 1441(a); *see also Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987). For the Court to have diversity jurisdiction, "the matter in

controversy [must] exceed[] the sum or value of $75,000," and must be "between . . . citizens of different states." 28. U.S.C. § 1332(a). After removal, a party can move to remand the action back to state court. 28 U.S.C. § 1447(c). The removing party bears the burden of establishing the federal court's jurisdiction. *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). "[R]emoval statutes are to be strictly construed against removal, and all doubts resolved in favor of remand." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). Under what is known as the forum defendant rule, when federal court jurisdiction is based on the parties' diversity of citizenship under 28 U.S.C. § 1332, removal is permissible "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action [was] brought." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83-84 (2005) (citing 28 U.S.C. § 1441(b)); *see also In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006).

### III.   STANDARD FOR IMPROPER JOINDER

The purpose of the "properly joined and served" language in § 1441(b) is to prevent the abuse of the forum defendant rule by improper joinder. *See Sullivan v. Novartis Pharmaceuticals Corp.*, 575 F. Supp. 2d 640, 643 (D.N.J. 2008). "Improper joinder is the practice of naming a forum-resident entity as a defendant solely to prevent an action from being removed to federal court (either by implicating the forum defendant rule, or by destroying diversity jurisdiction)." *Id.* "Joinder is fraudulent if there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Briscoe*, 448 F.3d at 216 (citation and quotation marks omitted). On the other hand, a claim is considered "colorable" as long as it is not "wholly insubstantial and frivolous." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992). It is

easier for a claim to be "colorable" than to survive a motion to dismiss under Rule 12(b)(6), a "more searching" inquiry. *Id.* When considering a claim of improper joinder, a court "must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff" and "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Boyer,* 913 F.2d at 111 (citation and quotation marks omitted). The inquiry "focus[es] on the plaintiff's complaint at the time the petition for removal was filed." *Batoff,* 977 F.2d at 851 (citation and quotation marks omitted).

### IV.  THE RECORD IS INSUFFICIENT TO SHOW IMPROPER JOINDER

HL presents two grounds for the improper joinder of Azad. First, it suggests that Tallman has no intent to prosecute the action against Azad because the father of the president of Ontel works for Azad. ECF No. 1-4. Given the heavy volume of litigation between family members, and involving family-owned businesses, a blood relation between members of different business entities is no *prima facie* indication of a lack of intent to prosecute.

More substantially, HL contends that the complaint does not contain colorable claims against Azad. It maintains that the statute of limitations bars products liability claims against Azad, that Azad had little to do with the manufacturing or sale of the product, and that the insurance policies at issue did not involve Azad. Evaluating this argument requires determining not only whether the complaint contains a colorable cause of action against Azad, but also whether the party bringing the claim has standing. The Court discusses these issues in turn.

#### The Complaint States Colorable Indemnification Claims by Ontel and Hartford against Azad

NOT FOR PUBLICATION

Plaintiff argues that the complaint states a valid cause of action for indemnification against Azad. Pl.'s Reply 4. "The right of indemnity enures to a person who, without active fault on his own part, has been compelled by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable." *Enright v. Lubow,* 202 N.J. Super. 58, 85 (App. Div. 1985) (citing *Adler's Quality Bakery, Inc. v. Gaseteria, Inc.,* 159 A.2d 97 (N.J. 1960)). If a party places a defective product in the stream of commerce, it is subject to a strict products liability claim. *See Fischer v. Johns-Manville Corp.,* 512 A.2d 466, 472 (N.J. 1986) ("to prove a *prima facie* case of strict products liability a plaintiff need not introduce evidence relating to a manufacturer's or distributor's conduct, except to establish that the defendant did in fact put the offending article into the stream of commerce."). New Jersey allows "claims for common-law indemnification by one party in the chain of distribution against a party higher up the chain." *Promaulayko v. Johns Manville Sales Corp.,* 562 A.2d 202, 206 (N.J. 1989). The parties may also contract for indemnification or some other allocation of the risk of loss. *Id.* at 207.

On its face, the complaint alleges that Azad owes Ontel and Hartford indemnity for the settlement payment they made to Tallman. For the purposes of this motion, the complaint sufficiently depicts Azad as interposed between Ontel and the manufacturer on the supply chain. The complaint states that Azad acted as the sourcing agent for Ontel, Compl. ¶ 35, "contracted with and negotiated with Plaintiff Ontel, to act as its sourcing agent in order to find a company to manufacture and design the 'workout bar,'" *id.* ¶ 66, and "contracted and negotiated with HL and/or HL USA regarding the design, manufacturing and product [sic] of the 'workout bar.'" *Id.* ¶ 67. The stream of commerce is described as: the exercise equipment was "manufactured and designed by HL and/or HL USA, sourced by Azad Ltd. and/or Azad Co. and distributed by

Ontel." *Id.* ¶ 88. Plaintiff further specifies that Azad "contracted for the design, fabrication, engineering, formulation, production, construction and assembly of the work out bar." *Id.* ¶ 93. On that basis, the complaint claims both Ontel's and Hartford's "equitable, contractual, common law and/or implied right of indemnification for the acts or omissions of Defendant Azad," *id.* ¶ 93, including for settlement proceeds paid to Tallman, *id.* ¶¶ 94, 115, 119, and asserts that Azad has refused this indemnity in bad faith, *id.* ¶¶ 97-98, committing fraud in the process. *Id.* ¶ 121.

In addition to the complaint's allegations, Plaintiff attaches invoices allegedly showing that Azad purchased the product in bulk. Aff. of Cynthia Walters, Exs. A, B, ECF No. 7-2. HL points out that the invoices were from 2008, beyond New Jersey's two-year statute of limitations for products liability actions. *Gantes v. Kason Corp.*, 679 A.2d 106, 110 (N.J. 1996). But the untimely purchase date does not foreclose the possibility that Azad placed the product in the stream of commerce, upstream of Ontel and John Tallman, thereby subjecting Azad to an action for indemnification. The invoices are simply a small data point suggesting that the claim against Azad has colorable basis.

A six-year statute of limitations applies to indemnification claims in New Jersey, and does not bar Ontel and Hartford from seeking indemnification from Azad for the settlement payments to Tallman. *See* N.J.S.A. 2A:14-1. Tallman settled with Ontel on December 26, 2012 (Compl. ¶ 81), a transaction involving Hartford (*id.* ¶ 119); the statute of limitations for indemnification started running on that date. *See Mettinger v. Globe Slicing Mach. Co.*, 709 A.2d 779, 786-87 (N.J. 1998) ("[t]he two-year statute of limitations imposed on a plaintiff's claims for personal injuries does not preclude a defendant's claim for contribution or indemnification."); *Travelers Indem. Co. v. Dammann & Co.*, 592 F. Supp. 2d 752, 767 (D.N.J. 2008), *aff'd*, 594

8

NOT FOR PUBLICATION

F.3d 238 (3d Cir. 2010) ("a claim for indemnity results only from payment or settlement to a third party."). The present claims are timely.

### It Is Possible that a Party with Standing Brings the Indemnification Claim

However colorable the claims against Azad might be, they cannot proceed if they have been brought by a party with no standing to assert them. Under New Jersey law, "[e]very action may be prosecuted in the name of the real party in interest; but an executor, administrator, guardian of a person or property . . . or a party with whom or in whose name a contract has been made for the benefit of another may sue in the fiduciary's own name without joining the person for whose benefit the suit is brought." *New Jersey Citizen Action v. Riviera Motel Corp.*, 686 A.2d 1265, 1271 (App. Div. 1997) (citing *R.* 4:26–1 (1996)); *cf.* Fed. R. Civ. P. 17(a)(1) ("[a]n action must be prosecuted in the name of the real party in interest."). "New Jersey law does not recognize any distinction between the concepts of standing and real party in interest." *New Jersey Citizen Action*, 686 A.2d at 1271.

"The phrase, 'real party in interest,' is a term of art utilized in federal law to refer to an actor with a substantive right whose interests may be represented in litigation by another." *U.S. ex rel. Eisenstein v. City of New York, New York*, 556 U.S. 928, 934-35 (2009). A real party in interest "must be beneficially entrusted or rightfully or substantially interested in the outcome of the litigation so that the judgment, when entered, will be binding and conclusive and the defendant will be saved from further harassment or vexation at the hands of other claimants to the same demand." *See New Jersey Citizen Action*, 686 A.2d at 1271 (internal citations omitted). "There may be multiple real parties in interest for a given claim, and if the plaintiffs are real parties in interest, Rule 17(a) does not require the addition of other parties also fitting that

description." *HB Gen. Corp. v. Manchester Partners, L.P.*, 95 F.3d 1185, 1196 (3d Cir. 1996).

The Third Circuit further explained as follows:

> This conclusion is informed by the fact that the original purpose of the real party in interest rule was permissive—to allow an assignee to sue in his or her own name. The modern function of the rule in its negative aspect is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to ensure generally that the judgment will have its proper effect as res judicata. As noted above, any doubt as to the preclusive effect of this litigation on [a non-named plaintiff] can be resolved by protective provisions in the judgment.

*Id.* at 1197 (internal citations omitted).

Determining whether a party is a real party in interest can turn on more than the wording of the caption; examination of the full complaint and other parts of the record may be necessary. *See Choi v. Kim,* 50 F.3d 244, 246-47 (3d Cir. 1995); *see also U.S. ex rel. Eisenstein,* 556 U.S. at 935 ("[t]he caption is not determinative as to the identity of the parties to the action."). Even an expressly incorrect caption does not necessarily prevent a court from ruling on the merits of the case or binding the real parties in interest. *See, e.g., Estate of Artz v. Artz,* 487 A.2d 1294, 1296 n.1 (N.J. App. Div. 1985).

"In the context of insurance subrogation cases, insurers who become subrogees of the rights of the insureds by the payment of claims are real parties in interest who may . . . prosecute actions to recover the amount of each claim in their own names." *Nat'l Fire Ins. Co. of Hartford v. Universal Janitorial Supply Corp.,* No. CIV. 05-5945 (AET), 2006 WL 892291, at *2 (D.N.J. 2006) (citing *United States v. Aetna Cas. & Sur. Co.,* 338 U.S. 366, 380 (1949)). Whether a subrogor/assignor remains a real party in interest turns on whether the subrogation or assignment is complete or partial; that is, whether the party has assigned all or just some of its rights to the interested plaintiff. On the one hand, "if a subrogee has paid an entire loss suffered by an insured, it is the only real party in interest and the only party that may sue in its own name." *Id.*

In contrast, "[w]hen there has been . . . a partial assignment the assignor and the assignee each retain an interest in the claim and are both real parties in interest." *U.S. ex rel. Eisenstein*, 556 U.S. at 934 (internal citations omitted).

Ontel and Hartford have colorable claims against Azad, but Tallman, in her individual capacity and as John Tallman's guardian, does not.[1] As a result, the indemnification claims against Azad are brought by a real party in interest if either of two possibilities is true. First, either Ontel or Hartford could have assigned all or part of its claim to Tallman, giving her an interest that she otherwise would not have, and allowing her to sue Azad for indemnification as assignee of Ontel or Hartford. Second, either Ontel or Hartford could actually be pursuing the claim on its own behalf, despite not appearing in the caption in its individual capacity. The record does not provide clarity with regard to either possibility—the complaint contains typos, inconsistencies and a caption incongruent with the allegations that follow. Resolving all doubts in favor of remand, as the Court must under *Boyer*, there is enough of a chance that some claim against Azad could lie that remand is required.

The complaint is unclear as to whether the claim is truly brought on behalf of Ontel. The caption's language, "Linda K. Tallman...on behalf of Ontel Products Corporation," is confusing under the circumstances. ECF No. 1-2 at 1. "On behalf of" generally means "for the benefit of," as in a derivative suit brought by a shareholder through which the corporation would recover, *see, e.g., In re PSE & G Shareholder Litigation*, 801 A. 2d 295, 306 (N.J. 2002) (with shareholder plaintiffs appearing in the caption "on behalf of and for the benefit of Public Service

---

[1] The complaint does not and cannot sound in products liability; as John Tallman was injured in 2010, and the present complaint was filed in 2014, any individual cause of action by Tallman against Azad for products liability is time-barred under New Jersey's two-year statute of limitations. N.J.S.A. 2A:14–2. None of the other causes of action colorably involve any alleged relationship between Tallman and Azad.

Enterprise Group, Incorporated"), or a claim brought by a guardian because her ward was unable to do so. Despite the caption, Tallman has no apparent relationship with Ontel apart from the rights that have been subrogated or assigned. Assignment of rights may be noted in the caption, *see, e.g., Herman Wenzel; Christine Wenzel, h/w as assignees of Charles Swensen and K & C Conversions, Inc. v. Nautilus Ins. Co., et al.*, 474 F. App'x 862 (3d Cir. 2012). Despite the complaint's allegations of Ontel's and Hartford's assignment of rights to Tallman, the caption does not name Tallman "as assignee of" Ontel and Hartford. Similarly, subrogation claims are often captioned with the term "as subrogee of," or "A/S/O," and the term "plaintiff" is singular. *See, e.g., Fid. & Guar. Ins. Underwriters, Inc., as subrogee of Ralph Santaniello, Plaintiff, v. Omega Flex, Inc., et al., Defendants*, 936 F. Supp. 2d 441 (D.N.J. 2013). This caption contains no such subrogation language, and names "Plaintiffs," plural.

At first glance, Ontel's absence from the caption in its individual capacity suggests that the only rights of Ontel's that are at issue are those that have been assigned to Tallman. Since the caption does not adequately reflect the allegations in the complaint, further inquiry is required to determine whether other interests are at stake. Under the section of the complaint marked "Parties," Linda K. Tallman is identified as "Plaintiff," whereas Ontel is not. Compl. ¶¶ 3, 5. On the other hand, Ontel is styled as the sole "Plaintiff" later on, under "Jurisdiction & Venue": "Plaintiff, Ontel, is a New Jersey company principally engaged in distributing consumer products." *Id.* ¶ 36. The complaint frequently uses the plural, "Plaintiffs," including in each of the "Wherefore" clauses. *See, e.g., id.* 16 at ¶ 99, 19. The complaint does mention that Ontel assigned Tallman its rights under defendant insurers' policies, *id.* ¶ 82, and Ontel also states a claim against Defendant Azad for common law indemnification that does not arise under those policies. *Id.* ¶¶ 93-94, 97-98, 115. Ontel seeks indemnity not only for the settlement with

Tallman but also for its own attorney's fees in defending the original action. *Id.* 19 at ¶ 3. Most convincingly, Ontel seems to take responsibility for filing the complaint, asking for "expenses incurred by *Ontel's* counsel in *bringing this action.*" *Id.* 20 at ¶ 4 (emphasis added). All this suggests that Ontel plays a more significant role than a mere subrogor or assignor.

Hartford's role is similarly uncertain; it may be a real party in interest. The complaint asserts that Hartford, "because of payments [it] made on behalf of Ontel in the underlying product liability action, [is] entitled to the recovery of those monies . . . from . . . Azad . . ." There is no further clarification as to Hartford's relationship with Tallman or Ontel. Compl. ¶ 119. The Fifth Count, for subrogation, involves only Hartford, then asks for judgment on behalf of "Plaintiffs"—a term broad enough to include Hartford, even if it does not do so explicitly. *Id.* 21.

At this stage, the record is also limited as to the extent of the subrogation agreement among Ontel, Hartford, and Tallman. Because the agreement is confidential and undisclosed, and is described vaguely as conferring "other things" to Tallman besides the right to sue the insurer defendants, it is possible that it assigns Ontel's and/or Hartford's right to sue Azad for common law indemnification to Tallman. Pl.'s Reply 5-6; Compl. ¶¶ 81-82. Tallman characterizes the agreement broadly in her brief: "The settlement included assignment to plaintiffs of [Ontel's] right to indemnification (common law, contractual *and* under policies of insurance)." Pl.'s Br. 2 (emphasis added). As the complaint demands indemnification against Azad on behalf of "Plaintiffs" in the unspecified aggregate, Compl. at 15-16, 21, the Court cannot determine that Tallman is barred from bringing the indemnification claim—this doubt must be resolved in favor

13

of remand. *See Boyer*, 913 F.2d at 111. It follows that the complaint states claims against Azad that are colorable enough to withstand the very limited inquiry for improper joinder.[2]

## V. CONFUSION OVER THE ROLE OF ONTEL AND HARTFORD IN THE LITIGATION MAKES ATTORNEY'S FEES UNWARRANTED

Tallman requests attorney's fees and costs from HL for improperly removing this case. A court may impose fees on a party who removes a case improperly under 28 U.S.C. § 1447(c). *Lott v. Duffy*, No. 13-4727, 2014 WL 4357594, *3 (3d Cir. 2014) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). "[A]n award of fees under § 1447(c) is left to the district court's discretion." *Martin*, 546 U.S. at 139. "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Id.* 141.

HL removed on the basis of complete diversity. It argued that because Azad was improperly joined, the case could properly be removed. Plaintiff's joinder of Azad would be improper if (1) Ontel and Hartford never assigned their common law indemnification rights to Tallman, and (2) Ontel and Hartford do not otherwise stand to gain if Azad is held liable for indemnification. The record is not dispositive on either issue. Such doubts must be resolved in favor of remand for purposes of this motion, but their existence makes HL's removal reasonable. The Court declines to impose attorney's fees or costs on HL.

---

[2] HL requests additional discovery, on the grounds that more facts might shed light on the claim of fraudulent joinder. As HL otherwise presents no more than speculation to support an assertion of fraud, the standard of review is less searching than for a motion to dismiss, and the inquiry "focus[es] on the plaintiff's complaint at the time the petition for removal was filed," this request is unwarranted. *See Batoff*, 977 F.2d at 851.

NOT FOR PUBLICATION

## VI.  CONCLUSION

The motion to remand the case to New Jersey Superior Court is granted.

DATE: 20 January 2015

_____
Senior United States District Judge