**NOT FOR PUBLICATION** **CLOSE**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINDA K. TALLMAN, INDIVIDUALLY AND AS THE GUARDIAN AND ADMINISTRATOR OF THE ESTATE OF JOHN ADAM TALLMAN, ON BEHALF OF ONTEL PRODUCTS CORPORATION, HARTFORD CASUALTY INSURANCE CO., and HARTFORD FIRE INSURANCE CO., <br><br>                         Plaintiffs,<br><br>v.<br><br>HL CORP (SHENZHEN); HL CORP USA; SOUTH CHINA INSURANCE COMPANY; TAIWAN FIRE & MARINE INSURANCE CO., LTD.; THE FIRST INSURANCE CO., LTD.; SHINKONG INSURANCE CO. LTD.; CATHAY CENTURY INSURANCE CO., LTD.; AZAD INTERNATIONAL (H.K.) LTD.; AZAD INTERNATIONAL CO.; JOHN DOES 1-20 (FICTITIOUS NAMES), and ABC CORPORATIONS 1-10 (FICTITIOUS ENTITIES),<br><br>                         Defendants. | **OPINION**<br><br>Civ. No. 14-5550 (WHW)(CLW) |

**Walls, Senior District Judge**

The Court remanded this insurance indemnification dispute to New Jersey Superior Court in January of 2015. In granting the remand motion of Plaintiff Linda K. Tallman ("Tallman"), the Court cited the forum-state citizenship of Defendant Azad International Co. ("Azad"), and rejected the argument of Defendant HL Corp. (USA) ("HL") that Azad was improperly joined. HL now moves for reconsideration under Local Rule 7.1(i). HL asserts that newly discovered evidence, in the form of deposition testimony by a representative of Azad, shows that the

1

complaint's allegations against Azad lack a colorable factual basis. Accompanying HL's motion for reconsideration is a second notice of removal. Tallman opposes HL's reconsideration motion and moves to remand.

The Court finds that the second removal notice is untimely, and that HL has not presented sufficient evidence of Plaintiffs' bad faith to overcome the statutory time limit. HL's motion for reconsideration is barred by statute and case law. HL's motion is denied and Tallman's motion is granted: the case is again remanded to New Jersey Superior Court.

## FACTUAL AND PROCEDURAL BACKGROUND

The Court's earlier opinion states the facts of the case in greater detail. Ct.'s Op., ECF No. 20. The litigation centers on the apportionment of liability among manufacturers, distributors and insurers for an injury allegedly caused by defective exercise equipment. According to the complaint, the matter arose when Tallman's ward suffered a catastrophic injury after using an "Iron Gym," a product designed and manufactured by Defendant HL Corp. (Shenzhen) ("HL Shenzhen"), and sold or marketed by Defendants HL, Azad, and Azad International (Hong Kong) ("Azad (Hong Kong)"), as well as Ontel Products Corporation ("Ontel"). *See id.* at 3. Tallman, an Ohio resident, filed an action in Ohio state court against Ontel, a New Jersey corporation. *Id.* As part of the settlement of that claim, Ontel assigned Tallman its rights to sue for indemnification under insurance policies allegedly issued or co-insured by South China Insurance Co., Taiwan Fire & Marine Insurance Co., The First Insurance Co., Shinkong Insurance Co., and Cathay Century Insurance Co. (collectively, "the insurer defendants"). *Id.* Hartford Casualty Insurance Co., Hartford Fire Insurance Co. (together, "Hartford"), as Ontel's insurers, also assigned rights to Tallman as part of the settlement. Tallman, as an individual, as

John Tallman's guardian and allegedly "on behalf of" Hartford and Ontel, then brought this action against the insurer defendants and the upstream manufacturers/distributors of the Iron Gym, demanding indemnification and alleging other common law causes of action. See First Amended Complaint ("FAC"), ECF No. 1-2. Tallman filed the action in New Jersey Superior Court on March 17, 2014. ECF No. 1-1.

Having been served with the FAC in August of 2014, HL removed the action to this Court in September 2014, invoking the Court's diversity jurisdiction. ECF No. 1. Tallman moved to remand the case to New Jersey Superior Court, stressing that, although the parties were otherwise completely diverse, Azad's forum state citizenship prevented removal under 28 U.S.C. § 1441(b). See Pl.'s Mot. to Remand, ECF No. 7; FAC ¶¶ 5, 34. HL acknowledged that Azad is a New Jersey corporation, but maintained that this Court has jurisdiction because Tallman improperly joined Azad solely to defeat federal diversity jurisdiction. Def.'s Opp. to Pl.'s Mot. to Remand, ECF No. 11.

The Court granted Plaintiff's motion to remand, applying § 1441(b). ECF Nos. 20-21. The Court found that the FAC stated a colorable cause of action against Azad, despite several ambiguities which were necessarily resolved in favor of remand. *Id.* The FAC alleged that Azad was interposed between Ontel and HL in the stream of commerce, having "contracted for the design, fabrication, engineering, formulation, production, construction and assembly of the work out bar," supporting Ontel's action for common law indemnification. Court's Op. at 7, ECF No. 20; FAC ¶ 93. The Court noted Tallman's submission of an invoice and an inspection report that identified Azad as the buyer of a bulk shipment of the Iron Gym. Exs. A-B to Aff. of Cynthia Walters, ECF No. 7-2.

On March 3, 2015, HL deposed Victor Khubani, a representative and principal shareholder of Azad, in another case. Ex. 1 to Notice of Removal, ECF No 24. In contrast to the allegations of the FAC, Khubani stated that Azad is not a sourcing agent to locate manufacturers for third parties, Khubani Dep. 25:4-10, never received a shipment of the Iron Gym, and never purchased a shipment. *Id.* 21:4-14. He denied that Azad had any involvement with the marketing, advertising, distribution, packaging, or shipping of the product. *Id.* 19:25-20:23. In light of the deposition, HL now asks the Court to reconsider its initial remand order to prevent injustice. ECF No. 25. HL also filed a second notice of removal on April 1, 2015, again invoking the Court's diversity jurisdiction and naming Azad as a fraudulently joined party. ECF No. 24.

Tallman again moved to remand the case on April 29, 2015. ECF No. 30. Tallman resubmits two exhibits from the original motion to remand. The first is the shipping invoice from Azad (Hong Kong), forwarding 500,000 sets of the Iron Gym "[t]hrough MR. V. KHUBANI" to Azad, which is listed as the "Buyer." Ex. A to Aff. of Cynthia Walters, ECF No. 30-3. The second is the inspection report of the Iron Gym shipment, which also lists Azad as the "Buyer." *Id.* Ex. B. Tallman requests attorneys' fees and costs associated with its motion. ECF No. 30-1.

## STANDARD FOR RECONSIDERATION

Local Civil Rule 7.1(i) allows a party to move for reconsideration within 14 days after entry of an order, and directs the moving party to submit "a brief setting forth the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i). The Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou-Ann v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).

Reconsideration motions may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised before the entry of judgment. *See* Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 2810.1. Such motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises. *North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

### STANDARDS FOR REMOVAL AND REMAND

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . . ." 28 U.S.C. § 1441(a); *see also Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987). To establish a district court's diversity jurisdiction, "the matter in controversy [must] exceed[] the sum or value of $75,000," and must be "between . . . citizens of different states." 28 U.S.C. § 1332(a).

After removal, a party may move to remand the action back to state court. 28 U.S.C. § 1447(c). The removing party bears the burden of establishing the federal court's jurisdiction. *Samuel-Bassett v. KIA Motors America, Inc.,* 357 F.3d 392, 396 (3d Cir. 2004). "[R]emoval statutes are to be strictly construed against removal, and all doubts resolved in favor of remand." *Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990).

**I.    TALLMAN'S MOTION TO REMAND IS GRANTED**

    **1. HL's Second Notice of Removal Is Untimely under 28 U.S.C. § 1446(c)**

"The removal statute . . . does not categorically prohibit the filing of a second removal petition following remand." *Brown v. Jevic,* 575 F.3d 322, 328 (3d Cir. 2009). "If subsequent pleadings or conduct by the parties or various other circumstances brings a case that was not previously removable within the removal jurisdiction of the federal courts, a second notice of removal is permissible." *Id.* (citations omitted). A removing party must still comply with statutory time limits. *See A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 209 (3d Cir. 2014) (noting that the federal removal statute expressly forbids untimely removals).

A case may not be removed based on diversity jurisdiction more than one year after commencement of the action, unless the court finds that the plaintiff acted in bad faith to prevent removal. 28 U.S.C. § 1446(c)(1). The time of commencement of the state court action is determined by reference to the relevant state law. *See In re Paulsboro Derailment Cases*, No. 13-784 RBK/KMW, 2014 WL 1214037, at *5 (D.N.J. Mar. 24, 2014) (citing Wright, Miller & Kane, 14B Fed. Prac. & Proc. Juris. § 3723 (4th ed.)). In New Jersey, an action is commenced on the date of filing. *See R.* 4:2-2 (stating that, in New Jersey, "[a] civil action is commenced by filing a complaint with the court.").

Here, Tallman filed—and commenced—the action in New Jersey Superior Court on March 17, 2014. ECF No. 1-1. HL filed its second notice of removal on April 1, 2015, more than one year later. ECF No. 25. The second removal notice was untimely under § 1446(c)(1). HL may only remove the action if it demonstrates Tallman's bad faith.

### 2. HL Does Not Demonstrate Tallman's Bad Faith

To demonstrate that Tallman joined Azad simply to defeat diversity jurisdiction, HL offers deposition testimony from Victor Khubani. Khubani Dep., Ex. 1 to Notice of Removal,

6

ECF No 24. The testimony does tend to show that the allegations in the complaint are incorrect; Mr. Khubani stated that Azad's only involvement with the Iron Gym was as a financier, rather than as a supplier interposed between the manufacturer and the consumer in the stream of commerce. *Id.* 19-25; *cf.* Court's Op. at 7, ECF No. 20.

Tallman submits evidence that casts doubt on Mr. Khubani's assertions. The Court cannot find bad faith in alleging that Azad was interposed between Ontel and HL in the Iron Gym's stream of commerce when Azad is listed as the purchaser on an invoice for a bulk shipment of the product, and on documents related to the inspection of the shipment. Exs. A-B to Aff. of Cynthia Walters, ECF No. 30-3. The invoice and inspection certificates, which conflict with Mr. Khubani's testimony, provide a colorable basis for the FAC's allegations against Azad. Defendant has not made the showing of bad faith required to overcome the removal's untimeliness under § 1446(c)(1).

### 3. HL May Not Invoke Equitable Tolling

The one-year time limit is also subject to equitable tolling, a remedy that becomes available after intentional misconduct by the plaintiff. *See A.S. ex rel. Miller*, 769 F.3d at 211-12 (citing *Tedford v. Warner–Lambert Co.*, 327 F.3d 423, 428–29 (5th Cir. 2003) ("Where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit . . . be extended."); and *Namey v. Malcolm,* 534 F. Supp. 2d 494, 499 (M.D.Pa. 2008) (holding that equitable exception to one-year limitation did not apply because "Defendants have not met their burden of demonstrating sufficient culpability on the part of Plaintiffs")). Equitable tolling may be appropriate if a litigant can demonstrate "(1) that he has been pursuing

his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (habeas case); *cf. Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387, 1390 (3d Cir. 1994) (holding that the time limit to file an EEOC charge may be tolled "where the plaintiff in some extraordinary way has been prevented from asserting his or her rights," but noting that a "plaintiff who fails to exercise this reasonable diligence may lose the benefit of [equitable tolling]"). *See also A.S. ex rel. Miller*, 769 F.3d at 212.

As stated above, there is insufficient evidence of Tallman's misconduct to merit a finding of bad faith. Absent sufficient evidence that Tallman manipulated statutory rules, the Court declines to find extraordinary circumstances here. Equitable tolling is unavailable to HL. Removal of this action is improper; Tallman's motion to remand is granted.

## II. HL MAY NOT MOVE FOR RECONSIDERATION OF A REMAND ORDER PROPERLY ISSUED UNDER § 1447(c)

HL asks the Court to reconsider its remand decision in light of new evidence. The Court may not do so. "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . ." 28 U.S.C. § 1447(d); *see also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) (clarifying that "remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)."). "[Third Circuit] precedent suggests a district court would lack jurisdiction to reconsider its order of remand [made under § 1447(c)] once a certified copy of the remand order has been sent to the state court." *Trans Penn Wax Corp. v. McCandless,* 50 F.3d 217, 226 (3d Cir. 1995). Section 1447(d)'s "prohibition on review of remand orders contemplates that district courts may err in remanding cases." *A.S. ex rel. Miller*, 769 F.3d at 213 (citations and quotations omitted).

HL suggests that its second removal notice reestablished this Court's jurisdiction, and that as a result the Court may reconsider the remand order. Def.'s Reply Br., ECF No. 33-1. In support, HL points to *Agostini v. Piper Aircraft Corp.*, 729 F.3d 350, 355-56 (3d Cir. 2013). The case highlighted the narrow window in which reconsideration of a remand order would be possible: the time after the district court issues the order, and before the Clerk mails the order to the state court. "At the moment of mailing—the jurisdictional event—the remand order became unreviewable 'on appeal or otherwise.'" *Id.* at 356 (citing 28 U.S.C. § 1447(d)). The Third Circuit's holding is clear: "[o]nce mailed, the order may not be reconsidered." *Id.*

Here, the Court granted Tallman's motion to remand under § 1447(c) on January 20, 2015, ECF No. 21, and the Clerk mailed a certified copy of the remand order to New Jersey Superior Court that day. ECF No. 22. The Court lost jurisdiction when the order was mailed, foreclosing the possibility of reconsideration. HL's motion, filed 73 days after the Clerk mailed the remand order, is barred by § 1447(d). Neither *Agostini* nor any other authority holds to the contrary. Because the remand order became "unreviewable" before HL moved for reconsideration, HL's motion is denied.

### III.     TALLMAN'S REQUEST FOR ATTORNEYS' FEES IS DENIED

Tallman requests attorneys' fees and costs from HL for improperly removing this case a second time. A court may impose fees on a party who removes a case improperly under 28 U.S.C. § 1447(c). *Lott v. Duffy*, No. 13-4727, 2014 WL 4357594, *3 (3d Cir. 2014) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). "[A]n award of fees under § 1447(c) is left to the district court's discretion." *Martin*, 546 U.S. at 139. "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Id.* at 141.

**NOT FOR PUBLICATION** **CLOSE**

Mr. Khubani's deposition testimony is insufficient to demonstrate bad faith, but it gives HL reasonable grounds to allege that the FAC's allegations against Azad lack a colorable basis, and that removal is warranted based on Azad's improper joinder. The Court declines to impose attorneys' fees or costs on HL.

## CONCLUSION

HL's motion for reconsideration is denied. Tallman's motion to remand the case to New Jersey Superior Court, Essex County, is granted.

DATE: 27 May 2015

Hon. William H. Walls
Senior United States District Judge